IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFREY CRIPPEN, | § | |
| | § | No. 54, 2017 |
| Defendant Below-Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | ID. No. 1509015531 (K) |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: July 3, 2017
Decided: July 7, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 7th day of July 2017, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1) In November 2016, following a bench trial, the appellant, Jeffrey Crippen, was convicted of Possession of a Firearm by a Person Prohibited and Possession of Ammunition by a Person Prohibited. The Superior Court sentenced Crippen to a total period of twenty-three years at Level V incarceration, to be suspended after serving ten years in prison for decreasing levels of supervision. This is Crippen's direct appeal.

(2)     Crippen's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c).  Crippen's counsel asserts that, after a complete and careful examination of the record, there are no arguably appealable issues.  By letter, Crippen's attorney informed him of the provisions of Rule 26(c) and provided Crippen with a copy of the motion to withdraw and the accompanying brief.  Crippen also was informed of his right to supplement his attorney's presentation.  Crippen has not raised any issues for this Court's consideration.  The State has responded to the position taken by Crippen's counsel and has moved to affirm the Superior Court's judgment.

(3)     The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold:  (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[*]

(4)     This Court has reviewed the record carefully and has concluded that Crippen's appeal is wholly without merit and devoid of any arguably

---

[*]*Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

2

appealable issue. We also are satisfied that Crippen's counsel has made a conscientious effort to examine the record and the law and has properly determined that Crippen could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice